EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SIGHT SCIENCES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>IVANTIS, INC., ALCON RESEARCH LLC, ALCON VISION, LLC, and ALCON INC.,<br><br>Defendants. | Case No.: _____<br><br>Underlying litigation:<br><br>Case No. 21:1317-GBW-SRF<br>United States District Court<br>District of Delaware |

## **DECLARATION OF JUSTIN BOVA**

I, Justin Bova, hereby declare and state as follows:

1. I am an Associate at Kirkland & Ellis LLP, and counsel for Ivantis, Inc., Alcon Research LLC, Alcon Vision, LLC, and Alcon Inc. ("Defendants") in *Sight Sciences, Inc. v. Ivantis, Inc., et al.*, Case No. 21:1317-GBW-SRF (the "underlying litigation"), which is pending in the United States District Court for the District of Delaware. Unless otherwise stated expressly below, the facts set forth herein are known to me personally, and, if called as a witness, I could and would testify competently thereto.

2. On January 10, 2022, Alcon announced that it completed its acquisition of Ivantis, Inc.

3. On August 1, 2022, Sight Sciences filed its Second Amended Complaint to the underlying litigation and added Alcon Research LLC, Alcon Vision, LLC, and Alcon Inc. as defendants.

4. I have contacted Ivantis' prior counsel who represented Ivantis in *Glaukos Corporation v. Ivantis, Inc.*, 8:18-cv-00620-JVS-JDE, C.D. Cal. (the "*Glaukos Litigation*"), and who confirmed that they do not have copies of document productions from that litigation.

5. The Protective Order in the *Glaukos Litigation* required return or destruction of all Protected Material within 60 days of the final disposition of the case on written request from the Designating Party.

6. I have attempted to confirm with Glaukos' counsel who represented Glaukos in the *Glaukos Litigation* whether they or a vendor are still in possession of Dr. Brown's documents or communications that were produced in that litigation. Glaukos' counsel stated they would object to the production or request redactions based on a recollection that they were designated confidential, but has not to-date provided a response on whether they or a vendor are in possession of the documents.

7. To date, Sight Sciences has produced 14,890 documents in the underlying litigation.

8. Based on information and belief, including based on Dr. Brown's Objections and Responses to Defendants' Subpoena to Produce Documents, Dr. Brown is a part-time employee of Sight Sciences and serves as Chief Medical Officer of Sight Sciences.

9. To date, Dr. Brown is not a listed custodian on any document produced by Sight Sciences in the underlying litigation.

10. Dr. Brown was not listed as a custodian in Sight Sciences' Initial Disclosures pursuant to Paragraph 3 of the Default Standard for Discovery in the United States District Court for the District of Delaware.

11. I, Amanda Kay Seals, and Karen Keller conferred with Orion Armon, counsel for Plaintiff and Dr. Brown, on June 29, 2023. On that call, I inquired whether Dr. Brown had the materials (or an electronic copy of the materials) that were collected and produced in the *Glaukos Litigation*, including the material that was purportedly returned to him afterwards. I also inquired whether Dr. Brown had asked Glaukos or its counsel whether they had the materials they collected from him in the *Glaukos Litigation*.

12. Mr. Armon was unsure with respect to the inquires made during the June 29, 2023 meet-and-confer as described in ¶11, and agreed to check with Dr. Brown whether he has the materials that were returned to him from the *Glaukos*

3

*Litigation* or an electronic copy of them and whether Dr. Brown has asked Glaukos' counsel whether they have the collected and produced materials.

13. I also informed Mr. Armon on the conferral that Ivantis' former counsel does not have copies of Dr. Brown's production and that Defendants have been unsuccessful in their attempts to-date to obtain information from Glaukos' counsel about whether they are in possession of the materials.

14. Finally, I notified Mr. Armon that, while Defendants would proceed with motions practice, Defendants remained committed to working to resolve this dispute without the Court's assistance and would withdraw its motion to compel should Dr. Brown produce responsive documents.

Under penalty of perjury under the laws of the United States of America, I declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code.

Respectfully submitted this 29th day of June, 2023.

                                            */s/ Justin Bova*
                                            Justin Bova
                                            Kirkland & Ellis LLP

1301 Pennsylvania Avenue, N.W.
Washington, DC  20004
justin.bova@kirkland.com

*Attorney for Defendants*