IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SIGHT SCIENCES, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 1:23-cv-03275-LMM-JCF |
| v. | : | |
| | : | |
| IVANTIS, INC., ALCON | : | Underlying litigation: |
| RESEARCH LLC, ALCON VISION, | : | |
| LLC, and ALCON INC., | : | Case No. 21:1317-GBW-SRF |
| | : | United States District Court |
| Defendants. | : | District of Delaware |

# **ORDER**

This case is before the Court on Defendants' Motion To Compel Non-Party Dr. Reay Brown To Comply With Subpoena. (Doc. 1).

On June 29, 2023, Defendants filed a motion to compel Dr. Brown to comply with a subpoena served on Dr. Brown in connection with an action pending in the United States District Court for the District of Delaware, *Sight Services, Inc. v. Ivantis, Inc. et al*, Case No. 21:1317-GBW-SRF. (Doc. 1 at 1). In that case, Sight Sciences alleges that Defendants' implant for treating glaucoma and doctors' use of that implant infringes five patents. (*Id.*). Dr. Brown, a non-party, serves as Sight Sciences' Chief Medical Officer. (*Id.* at 2). In June 2023, Defendants served Dr. Brown with a subpoena, directing the production of 14 categories of documents by June 23, 2023. (*See* Doc. 1-6 at 2-13). Dr. Brown submitted his objections to the

1

production of any of the requested documents on June 21, 2023. (Doc. 1-6 at 2-29). Following unsuccessful efforts to resolve this matter without court intervention, Defendants filed this motion to compel. (Doc. 1). As directed by this Court, Plaintiff filed a response on July 21, 2023 (Doc. 29) and Defendants filed a reply on August 4, 2023 (Doc. 35).

## BACKGROUND

The parties and Dr. Brown are presumably familiar with the underlying litigation and the events leading up to it, so this discussion addresses the background in a limited manner.

Dr. Brown, a leading inventor in the field of glaucoma treatments, is currently the Chief Medical Officer for Plaintiff Sight Sciences. He is the named inventor for several patents and was involved in a prior lawsuit between another company (Glaukos, Inc.) and Defendant Ivantis. (See Doc. 1 at 2). In that litigation Dr. Brown produced documents responsive to a subpoena from Ivantis and provided deposition testimony. The subpoena at issue here was issued by the District of Delaware, and as it called for compliance in this District, the motion to compel was filed by Defendants here on June 29, 2023.

The date of filing the motion is of some significance, as fact discovery in the underlying action expired on that date. *Sight Sciences, Inc. v. Invantis, Inc., et al*, 1:21-cv-1317 Doc. 231 at 10 (order noting "the fact discovery deadline expired June

29, 2023) (D. De. July 3, 2023). The parties have engaged in some mutually-agreed-upon factual discovery beyond that date. (*See id.*) Consistent with that practice, the parties agreed to postpone Dr. Brown's deposition until after the issues related to this subpoena could be resolved.

Defendants assert that the requested documents are relevant and discoverable, as Dr. Brown's work predating his employment with Plaintiff would relate to prior art. (Doc. 1 at 7-8). Defendants further state that any burden in producing the documents Dr. Brown previously provided in the *Glaukos* matter would not be burdensome. (Doc. 1 at 15).

Dr. Brown counters that the requests are overly broad and unduly burdensome, that Defendant Ivantis is aware that Dr. Brown has several decommissioned computers relating to his earlier work, along with more than 100 pounds of paper documents, and, finally, that Defendants delayed too long to take steps to secure these documents by waiting so late in the discovery period to seek these documents knowing that summary judgment and trial dates are already set. (Doc. 29 at 15-19). In addition, his lawyers represent that he no longer has the particular group of documents from the previous lawsuit in his possession (Doc. 29 at 4, 20 n. 12), so he would have to start from scratch to search for responsive documents. Dr. Brown further asserts that given the substantial effort it would take to recreate the production in *Glaukos* that it would take so long to search for and

3

produce responsive documents that any such production would not be provided in time for it to be used in the trial of this case (which is currently set for April 2024). (Doc. 29 at 22).

## DISCUSSION

When a subpoena is served on a non-party, as is the case here, Rule 45 governs. FED. R. CIV. P. 45. "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." FED. R. CIV. P. 45(f). Here, Dr. Brown has not consented to transfer, but that is not the end of the matter. "Rule 45(f) does not require that a motion to transfer be filed, and Court may *sua sponte* order transfer where appropriate." *Bucee's, Ltd. v. Shepherd Retail, Inc.*, No. 3:17-mc-1-N-BN, 2017 WL 86143 at *2, (N.D. Tex. Jan., 10, 2017) (quoting *Orex USA Corp. v. Armentrout,* No. 3:16-mc-63-N-BN, 2016 WL 3926507, at *2 (N.D. Tex. July 21, 2016)). The advisory committee note states that the prime concern supporting resolving disputes in the district of compliance is avoiding burdens on local nonparties, so it should not be assumed that the issuing court is in a better position to resolve issues. FED. R. CIV. P. 45(f), advisory committee's note to the 2013 amendment. Yet the note also explains as follows:

> [T]ransfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation … Transfer is

4

>  appropriate only if such interests outweigh the interest of the nonparty served with the subpoena in obtaining local resolution of the motion.

FED. R. CIV. P. 45(f), advisory committee's note to the 2013 amendment. The factors illuminated by the advisory committee's note are not exclusive and courts have regularly addressed other considerations including "complexity, procedural posture, duration of pendency, and nature of issues pending before, or already resolved by, the issuing court in the underlying litigation." *Swissdigital USA Co., Ltd. v. Wenger, S.A.,* Case No. 22-MC-62358-RUIZ/STRAUSS, 2022 WL 17904108, at *2 (S.D. Fla. Dec. 23, 2022) (quoting *Hoog v. PetroQuest, LLC,* 338 F.R.D. 515, 517 (S.D. Fla. 2021)).

Here, exceptional circumstances exist which justify transferring this dispute to the issuing court. First, the non-party's interest in having a local decision is remarkably weak. Dr. Brown is currently an employee of one of the litigants, represented by its counsel, and appears to be accustomed to playing a significant role in this type of litigation. Dr. Brown simply is not the prototypical responding disinterested non-party who has no connection with litigation between other, unfamiliar parties in a faraway forum.

Second, the interest in having the court presiding over the underlying litigation resolve this dispute is particularly strong. A review of the docket in the underlying case reveals that the court is involved on practically a weekly basis in managing and efficiently resolving ongoing disputes. Through constant and

5

sustained effort, the presiding judge has wrangled the parties into a streamlined process which is heading rapidly towards summary judgment and trial.

Here, a threshold issue is whether Dr. Brown's burden in producing the requested documents will render any anticipated production futile (meaning it could not possibly be completed sufficiently before trial). (Doc. 29 at 22). Assessing that argument invites consideration of conduct in the underlying action, including Defendants naming Dr. Brown in its initial disclosures as early as May 22, 2022. (Doc. 1 at 6). Plaintiff contends that the Defendants' lack of taking more diligent steps to acquire (or preserve)[1] Dr. Brown's documents spells doom for the motion to compel. (Doc. 29 at 14-15). Notably, the second business day after Defendants filed this motion the judge managing the underlying litigation denied a motion by Defendants seeking to amend the case schedule. *See Sight Sciences, Inc. v. Ivantis, Inc., et al,* No. 21-1317-GBW-SRF, Doc. 231 at 15 (July 3, 2023). Allowing the presiding judge to apply a greater understanding of the complexities surrounding the underlying litigation will mitigate risk that an ancillary issue being addressed in a

---

[1] The parties acknowledge that Defendant Ivantis previously had access to documents produced by Dr. Brown in the *Glaukos* litigation. Defendants assert these documents were destroyed pursuant to the protective order in the *Glaukos* case. Plaintiff contends Ivantis should have known the documents could be needed in this case and should have acted with greater diligence to take steps to secure relief from the order. The *Glaukos* case has been the subject of ample discussion in the underlying case. *See Sight Sciences, Inc. v. Ivantis, Inc., et al,* No. 21-1317-GBW-SRF, Doc. 231 at 6 (July 3, 2023) (assessing spoliation argument related to *Glaukos*).

distant forum might derail the orderly management of the underlying case. Under these circumstances, the issuing Court is far better situated to determine whether compelling compliance with the subpoena is warranted and whether, if deemed appropriate, such production may accomplished in harmony with its management of expert discovery and impending deadlines for summary judgment motions.

Where, as here, the responding party has a minimal interest in a local disposition and the issuing court is proactively engaged in the ongoing management of the case, transfer of this dispute to the issuing court is warranted. *See Buc-ee's, Ltd.,* 2017 WL 86143 at *2 (transferring motion where trial was scheduled and burden to local responding party was light); *XY, LLC v. Trans Ova Genetics, LLC.,* 307 F.R.D. 10,13 (D.D.C. 2014) (transfer warranted where responding non-party was intricately involved with a party and need for local resolution was low).

"Courts are in agreement that Rule 45(f) motions to transfer fall within the gambit of non-dispositive matters properly determined by a magistrate judge." *Miller Constr. Equip. Sales, Inc. v. Clark Equip. Co.*, 1:15-cv-00007, 2016 WL 447717, at **6 (S.D. Ga. Feb. 4, 2016). As the undersigned has concluded that the interest in local disposition is low, and that the peculiar complexities of this matter

cut in favor of resolution by the issuing court, it is proper to transfer this matter[2] to the forum where the underlying litigation is pending.

## CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that this matter be **TRANSFERRED** to the District of Delaware to be considered within the context of the underlying action, *Sight Sciences, Inc. v. Ivantis, Inc. et al,* Civil Action No. 21-1317-GBW-SRF.  The Clerk is directed to close this action.

**IT IS SO ORDERED** this 10th day of August, 2023.

/s/ J. Clay Fuller
J. Clay Fuller
United States Magistrate Judge

---

[2] The advisory committee's notes to Rule 45 state that if the discovery is allowed the presiding judge could send the matter back to this district for management of compliance issues. FED. R. CIV. P. 45(f) advisory committee's note to the 2013 amendment (noting that following transfer "If the court orders further discovery, it is possible that retransfer may be important to enforce the order.")